2002 UT 96

**Angela BYERS, Plaintiff and Appellant,**

v.

**CREATIVE CORNER, INC. and Lyn Pelton, Defendants and Appellees.**

**No. 20000782.**

Supreme Court of Utah.

Sept. 17, 2002.

Robert H. Wilde, Midvale, for plaintiff.

E. Paul Wood, Salt Lake City, for defendants.

HOWE, Justice:

¶ 1 Plaintiff Angela Byers, an at will employee, brought this action, alleging that her employer, defendant Creative Corner, Inc., wrongfully terminated her in violation of an alleged public policy against sex discrimination. She alleged that Creative Corner, which employs less than fifteen individuals, terminated her because she was pregnant despite the fact that she had consulted a doctor and was able to lift everything that she had been required to lift in the course of her employment. Creative Corner responded and filed a rule 12(b)(6) motion to dismiss for failure to state a claim, which the trial court granted. Thereafter, Byers filed a rule 59 motion for a new trial which was denied. Byers appeals.

¶ 2 Byers contends that the trial court erred in ruling that a cause of action against small employers for wrongful termination in violation of an alleged public policy against sex discrimination does not exist in Utah. She urges this court to reverse the trial court by recognizing such a cause of action and remanding to the trial court for a trial on the merits. Creative Corner argues that any common law cause of action for employment discrimination is preempted by the Utah Anti–Discrimination Act, Utah Code Ann. §§ 34A–5–101 to –108 (2001), and that Utah has not established a clear and substantial public policy against gender discrimination.

¶ 3 We addressed precisely this same issue in *Gottling v. P.R. Inc.*, 2002 UT 95, —— P.3d ——, 2002 WL 31055952, also decided today. There, we refused to recognize a common law cause of action for wrongful termination in violation of a public policy against sex discrimination, holding instead that the Utah Anti–Discrimination Act preempts all state common law remedies for discrimination based on sex, race, color, pregnancy, age, religion, national origin, or disability. *See Gottling*, 2002 UT 95 at ¶ 24, —— P.3d ——. We refer the reader to our opinion in *Gottling* for a detailed explanation of our holding and the reasoning supporting it. Because we have held that a cause of action for wrongful termination in violation of a public policy against sex discrimination does not exist in Utah, Byers may not raise such a claim in

her action against Creative Corner. Consequently, the trial court properly dismissed her complaint and denied her motion for a new trial.

¶ 4 Affirmed.

¶ 5 Associate Chief Justice DURRANT, Justice RUSSON, and Justice WILKINS concur in Justice HOWE's opinion.

DURHAM, Chief Justice:

¶ 6 For the reasons set forth in my dissent in *Gottling v. P.R. Inc.,* I likewise dissent herein.